**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2014, 9:49 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONY P. FITTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1403-CR-77 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1304-FC-106

**October 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Tony P. Fitts appeals his sentence following his conviction for carrying a handgun without a license, as a Class C felony, pursuant to a guilty plea. Fitts presents two issues for our review:

1.      Whether the trial court abused its discretion when it sentenced him.

2.      Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2013, at approximately 8:00 p.m., Fitts argued with his girlfriend, Samra Sims, at her home, where she resided with the couple's two children. During the argument, Sims observed that Fitts possessed a handgun. At some point, Fitts left, and Sims locked him out of her home. However, at approximately 11:00 p.m., Fitts returned uninvited and intoxicated, and he tried to enter Sims' home. From her kitchen window, Sims observed the gun in Fitts' waistband, and she called the police. When the officers arrived, they discovered Fitts in a detached garage and found two handguns in a trash bin also located inside of the garage. Sims identified to the police the handgun that she had observed in Fitts' possession.

On April 22, the State charged Fitts, a convicted felon, with carrying a handgun without a license, as a Class C felony, and, on January 29, 2014, Fitts pleaded guilty as charged without the benefit of a plea agreement. The court held a sentencing hearing on February 20, at which Fitts offered as mitigators that he had accepted responsibility by pleading guilty; that he had enrolled in college courses during the pendency of the

prosecution; and that he has two dependent, minor children. Fitts conceded that his criminal history was an aggravator but argued that he had only one prior felony conviction. The trial court sentenced him to six years executed in the Department of Correction. In doing so, the court stated:

> I do find mitigating circumstances in your case[,] Mr. Fitts. You did in fact plead guilty. You accepted responsibility for your behavior. . . . I do find as aggravating circumstances your prior criminal record and failed efforts at rehabilitation. From 1998 to 2013[,] you've got ten (10) Misdemeanor convictions, one (1) prior Felony conviction. You have been on probation. You have been in Home Detention. You've been in jail. You've been in the Department of Correction. You've been on the Re-entry Court Program. You've been through the Community Transition Program, and[,] apparently[,] you were also in the Drug Court Program. And you continue your criminal behavior. I'm not sure[,] Mr. Fitts[,] what more it is that we're suppose [sic] to do. You're thirty-four years old. You haven't been gainfully employed in some time. You've got substantial arrearage with your child support. Your license is suspended, and you just continue.

Tr. at 11-12. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

Fitts asserts that the trial court abused its discretion when it sentenced him. Under the advisory sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind.2007), clarified in part on other grounds, 875 N.E.2d 218 (Ind. 2007). We review the sentence for an abuse of discretion. Id. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." Id.

3

A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence— including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." Id. at 490–91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. Id.

Moreover, a finding of mitigating circumstances also lies within the trial court's discretion. Widener v. State, 659 N.E.2d 529, 533 (Ind. 1995). The court need not state in the record those mitigating circumstances that it considers insignificant. See Sensback v. State, 720 N.E.2d 1160, 1163 (Ind. 1999). And the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. Chambliss v. State, 746 N.E.2d 73, 78 (Ind. 2001). Nor is the sentencing court required to place the same value on a mitigating circumstance as does the defendant. Beason v. State, 690 N.E.2d 277, 283-84 (Ind. 1998).

Fitts first contends that the trial court abused its discretion when it did not identify two mitigators that he argued at his sentencing hearing: (1) the hardship his sentence would place on his two minor children and (2) his enrollment in college courses.

4

However, the record makes clear that the trial court did consider—and rejected—Fitts' first proffered mitigator. Specifically, the court found that Fitts had failed both to maintain gainful employment and to pay child support. In other words, Fitts failed to support his dependent children, and, therefore, his detention in DOC would not work a hardship upon them. Further, Fitts presented little evidence to support his second proffered mitigator. The trial court heard evidence only that Fitts had been enrolled in college courses between September and December 2013. Fitts did not offer evidence that he had successfully completed his classes or that he maintained enrollment at the time of sentencing. Indeed, his presentence investigation report ("PSI") lists "returning to college as an educational goal" only. PSI App. at 7. Thus, the trial court could have regarded this proffered mitigator as insignificant and, therefore, did not mention it in the record.

Fitts also asserts that the trial court abused its discretion because it "failed to consider alternatives when ordering the executed sentence served in the Department of Correction." Appellant's Br. at 10. But the record again demonstrates that the trial court both considered and rejected sentencing alternatives. Notably, the court stated:

> You have been on probation. You have been in Home Detention. You've been in jail. You've been in the Department of Correction. You've been on the Re-entry Court Program. You've been through the Community Transition Program, and[,] apparently[,] you were also in the Drug Court Program. And you continue your criminal behavior. I'm not sure[,] Mr. Fitts[,] what more it is that we're suppose [sic] to do.

Tr. at 11-12. Alternative sentencing "is a matter of grace and a conditional liberty that is a favor, not a right," and the trial court could rationally conclude that Fitts had not earned that favor. Holmes v. State, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010) (quotations

5

omitted). In fact, in addition to Fitts' repeated failures with alternative sentencing cited by the trial court, Fitts "has had two (2) suspended sentences revoked and two (2) suspended sentences modified. He has had his home detention placement revoked once." PSI App. at 6. Thus, the trial court did not abuse its discretion, and we affirm on this issue.

### Issue Two: Appellate Rule 7(B)

Next, Fitts contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008).

6

The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

With respect to the nature of the offense, Fitts asserts that we should revise his sentence because he "merely possessed a handgun without a license—no one was physically harmed or threatened in this case." Appellant's Br. at 13. But Fitts ignores the context in which his crime occurred. He carried a weapon during an altercation with his girlfriend, Sims, which occurred in her home where Fitts' children also resided. This altercation resulted in Sims locking Fitts out of the home. Fitts then returned to the home uninvited, intoxicated,[1] and still in possession of the handgun, and he attempted to enter the home. While no one was injured, Sims must have felt threatened because she called 9-1-1. Thus, the nature of the offense does not support revision of Fitts' sentence.

Despite his attempts to diminish his criminal history, Fitts' character also does not support his Appellate Rule 7(B) claim. Although it is true that Fitts had only one prior felony conviction, he also had ten prior misdemeanor convictions. And, as the trial court observed, while Fitts received several alternative sentences for his prior convictions, he did not rehabilitate himself. Indeed, we again point out that Fitts previously had two suspended sentences and one home detention placement revoked, and he had two suspended sentences modified. Therefore, we cannot state that Fitts' sentence is inappropriate in light of either the nature of the offense or his character.

---

[1] Fitts was too intoxicated for questioning after officers transported him to the police station.

7

## Conclusion

In sum, we hold that the trial court did not abuse its discretion when it did not identify or accept two of Fitts' proffered mitigators or when it refused to impose an alternative sentence. Further, we reject Fitts' Appellate Rule 7(B) challenge. His sentence is not inappropriate in light of the nature of the offense or his character.

Affirmed.

BAILEY, J., and PYLE, J., concur.